UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ROBERT JACKSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:15-cv-01531-TWP-TAB |
| | ) | |
| MRS. KNIGHT CIF Superintendent, | ) | |
| ROBERT STAFFORD Grieveance Coordinator, | ) | |
| DAVID SMITH CHAPLAIN, | ) | |
| BRUCE LEMMON IDOC Commissioner, | ) | |
| | ) | |
| Defendants. | ) | |

**Entry Discussing Complaint and Directing Further Proceedings**

Plaintiff Robert Jackson, an inmate at the Pendleton Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983 alleging that his constitutional rights have been violated.

Because the plaintiff is a "prisoner@ as defined by 28 U.S.C. § 1915(h), the "complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a

less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

The Court understands the plaintiff's complaint to be based on his allegation that he was prevented from communicating with his terminally ill mother before she passed away. In order to evaluate this claim, supplementation is needed. Accordingly, the plaintiff shall have **through November 30, 2015**, in which to file a supplement to his complaint which answers the following questions:

1. When did you learn of your mother's illness and death? How did you learn of it?

2. Did you try to contact her?

3. If so, how did you try to contact her? Did you write letters? Did you ask to call her?

4. Did someone prevent you from contacting her?

5. If so, who prevented you from contacting her? How did they prevent you?

Once a supplement is filed, the Court will proceed to screen the complaint as supplemented.

**IT IS SO ORDERED.**

Date: 10/28/2015

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

ROBERT JACKSON
128065
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only