UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ROBERT JACKSON, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   No. 1:15-cv-01531-TWP-TAB ) |
| MRS. KNIGHT CIF Superintendent, DAVID SMITH CHAPLAIN, | ) ) ) |
| Defendants. | ) ) |

**Entry Granting Motion for Summary Judgment and Directing Entry of Final Judgment**

Plaintiff Robert Jackson, an inmate at the Pendleton Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 alleging that the defendants violated his First Amendment rights. Arguing that Jackson failed to exhaust his available administrative remedies before filing this action, the defendants move for summary judgment. Jackson did not respond to the motion and the time to do so has passed. For the following reasons, the defendants' motion for summary judgment [dkt 27] is **granted**.

**I. Summary Judgment Standard**

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying" designated evidence which "demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the moving party has met its burden, the non-movant may not rest upon mere allegations. Instead, "[t]o successfully oppose a motion for summary judgment, the nonmoving party must come forward with specific facts demonstrating that there is a genuine issue for trial." *Trask–Morton v. Motel 6 Operating L.P.*, 534 F.3d 672, 677 (7th Cir. 2008). "The non-movant will successfully oppose summary judgment only when it presents definite, competent evidence to rebut the motion." *Vukadinovich v. Bd. of Sch. Trs.,* 278 F.3d 693, 699 (7th Cir. 2002) (internal quotation and citation omitted).

Jackson has not opposed the motion for summary judgment, either with evidentiary material or with a narrative statement suggesting that the defendants are not entitled to summary judgment based on the pleadings and the evidentiary record. He has not filed a statement of material facts in dispute. The consequence of these circumstances is that Jackson has conceded the defendants' version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 921-22 (7th Cir. 1994). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## II. Facts

Jackson was incarcerated at Correctional Industrial Facility ("CIF"), located in Pendleton, Indiana at the time relevant to this action. There is a grievance program at CIF which was in place while Jackson was incarcerated there and during the time that he alleges that his rights were violated. Pursuant to this policy, inmates can grieve matters that involve actions of individual staff. The grievance process begins with the first step of the inmate attempting to resolve his complaint informally by contacting an appropriate staff member within five (5) working days of the

complained-of incident. If an inmate cannot resolve his grievance informally, he can proceed to submit a Level I formal grievance. Once an adequate grievance form is received, the executive assistant logs the grievance and assigns a case number. If the grievance is not resolved in a manner that satisfies the inmate, he may pursue the issue by filing an appeal to DOC's Grievance Manager.

DOC records indicate that Jackson filed an informal complaint on August 19, 2015, which was received by Robert Stafford, Offender Grievance Administrator, on August 20, 2015. This informal complaint was responded to by Chaplain Smith on August 20, 2015. Jackson disagreed with the resolution of that informal complaint. On August 20, 2015, Jackson submitted a formal grievance. That grievance was rejected for using an incorrect form. Specifically, the response from Mr. Stafford stated: "Mr. Jackson, this is the incorrect grievance form. I sent the correct one to you on the 21st of August. I am sending the correct form to you again [omitted]." On August 26, 2015, Jackson submitted a second formal grievance using the correct form provided to him. On August 26, 2015, that grievance was rejected for not complying with Administrative Procedure 00-02-301, the adult grievance procedure, for failing to request an appropriate remedy. Specifically, the facility grievance response provided direction and stated: "Inappropriate remedy, staff discipline is not a function of the grievance procedure by policy. You may re write your grievance and re submit within 5 days adding in appropriate remedy." Jackson did not resubmit the grievance.

### III. Discussion

The defendants argue that Jackson failed to exhaust his available administrative remedies as required by the PLRA with respect to his claims against them.

The PLRA requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "Proper exhaustion demands compliance with an agency's deadlines and other

critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006) (footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'")(*quoting Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). Strict compliance is required with respect to exhaustion, and a prisoner must properly follow the prescribed administrative procedures in order to exhaust his remedies. *Dole v. Chandler,* 438 F.3d 804, 809 (7th Cir. 2006). The PLRA's exhaustion requirement is not subject to either waiver by a court or futility or inadequacy exceptions. *Booth v. Churner,* 532 U.S. 731, 741, n.6 (2001); *McCarthy v. Madigan,* 503 U.S. 140, 112 S. Ct. 1081 (1992) ("Where Congress specifically mandates, exhaustion is required.").

The defendants have shown that Jackson did not fully exhaust his available administrative remedies as required by the PLRA. Although he submitted a formal grievance, that grievance was rejected for requesting a remedy that was not available. He was given an opportunity to resubmit his grievance, but he did not do so. He therefore failed to exhaust his administrative remedies in the time and manner dictated by the grievance policy. Jackson has not responded to the motion for summary judgment and therefore has not disputed these facts. It is therefore undisputed that Jackson failed to exhaust his available administrative remedies with regard to his claims in this case. The consequence of these circumstances, in light of 42 U.S.C. § 1997e(a), is that his claims should not have been brought and must now be dismissed without prejudice. *See Pozo*, 286 F.3d at 1024 (explaining that "a prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating");

*Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004)("We therefore hold that *all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

The defendants' motion for summary judgment [dkt 27] is **granted**. Judgment dismissing this action without prejudice shall now issue.

**IT IS SO ORDERED.**

Date: 8/16/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Robert Jackson
128065
Pendleton Correctional Facility
Electronic Service Participant – Court Only

All electronically registered counsel